# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

LEIGH MYERS, individually and on behalf of
all others similarly situated,

                        Plaintiff,

       v.

BASSETT FURNITURE INDUSTRIES, INC.

               Defendant.

Case No. 4:23-cv-00026-TTC

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
AND FOR ISSUANCE OF NOTICE TO SETTLEMENT CLASS**

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION……………………………………...........................................1

II.    FACTUAL BACKGROUND………………………………………........................2

    **A.**  The Data Breach, Plaintiff's Claims, and Procedural History……………………2

III.    PROCEDURAL HISTORY…………………………………………….......................2

IV.    SETTLEMENT OUTLINE…………………………………………........................3

    **A.**  Class Definition …………………………………………………………….3

    **B.**  Settlement Benefits………………………………………........................3

    **C.**  Service Award…………………………………………........................3

    **D.**  Class Notice, Objections, and Opt-Outs……………………………………4

    **E.**  Release…………………………………………........................................5

    **F.**  Attorneys' Fees and Service Awards………………………………………......5

V.    THE COURT SHOULD DIRECT NOTICE OF THE PROPOSED SETTLEMENT BE ISSUED TO THE CLASS……………………………………........................6

    **A.**  The Proposed Settlement is Fair, Adequate, and Reasonable Under Rule 23(e)(2) 6

        1.  Class Representative and Class Counsel have Adequately Represented the Class. …………………………………………........................................7

        2.  The Proposed Settlement was Negotiated at Arm's Length………………..8

        3.  The Relief Provided to the Class is Adequate……………………………9

            a.  The Costs, Risks, and Delay of Trial and Appeal…………………..9

            b.  The Effectiveness of Any Proposed Method of Distributing Relief to the Class, Including the Method of Processing Class Member Claims. ……………………………………........................................10

            c.  The Terms of Any Proposed Award of Attorneys' Fees…………..11

            d.  Any Agreement Required to be Identified Under Rule 23(3)(3)….11

        4.  The Proposed Settlement Treats Class Members Equitably……………...11

**B.** The Proposed Settlement Class Meets the Requirements for Certification..........12

    **1.** The Settlement Class Meets the Requirements of Rule 23(a)…………...12

        **a.** Numerosity is Satisfied…………………………………………..12

        **b.** Commonality is Satisfied………………………………………...13

        **c.** Typicality is Satisfied. …………………………………………...13

        **d.** Adequacy is Satisfied…………………………………………....14

    **2.** The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3).15

        **a.** Predominance is Satisfied………………………………………..15

        **b.** Superiority is Satisfied…………………………………………...16

**VI.** THE COURT SHOULD APPOINT PLAINTIFF'S COUNSEL AS CLASS COUNSEL. ……………………………………………………………………..18

**VII.** THE PROPOSED NOTICE PLAN MEETS THE REQUIREMENTS OF RULE 23 AND DUE PROCESS. ………………………………………………………19

**VIII.** CONCLUSION…………………………………………………………20

## **TABLE OF AUTHORITIES**

**Cases**

*Alleruzzo v. SuperValu, Inc. (In re SuperValu, Inc., Customer Data Sec. Breach Litig.),*
    870 F.3d 763, 770 (8th Cir. 2017) ........................................................................... 9

*Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591, 625 (1997) .............................................................................. *passim*

*Berry v. Schulman,*
    807 F.3d 600, 608 (4th Cir. 2015) ........................................................................ 6

*Boeing Co. v. Van Gemert,*
    444 U.S. 472 (1980) ............................................................................................ 11

*Broussard v. Meineke Disc. Muffler Shops, Inc.,*
    155 F.3d 331, 340 (4th Cir. 1998) ................................................................ 14, 15

*Brown v. Transurban USA, Inc.,*
    318 F.R.D. 560, 569 (E.D. Va. 2016) ........................................................... 11, 17

*Chisolm v. TranSouth Fin. Corp.,*
    184 F.R.D. 556, 563-64 (E.D. Va. 1999) ............................................................ 14

*Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n,*
    375 F.2d 648, 653 (4th Cir. 1967) ...................................................................... 13

*Deiter v. Microsoft Corp.,*
    436 F.3d 461, 466 (4th Cir. 2006) ................................................................ 13, 14

*Ealy v. Pinkerton Gov't Servs.,*
    514 F. App'x 299, 305 (4th Cir. 2013) ................................................................ 16

*East Tex. Motor Freight Sys., Inc. v. Rodriguez,*
    431 U.S. 395, 403 (1977) .................................................................................... 15

*Eisen v. Carlisle & Jacquelin,*
    417 U.S. 156, 173 (1974) .................................................................................... 19

*Gray v. Hearst Commc'ns, Inc.,*
    444 F. App'x 698, 701-02 (4th Cir. 2011) .......................................................... 16

*Gunnells v. Healthplan Serv., Inc.,*
    348 F.3d 417, 430 (4th Cir. 2003) ...................................................................... 15

*In re Blackbaud, Inc., Customer Data Breach Litig.,*
    No. 3:20-mn-02972-JFA, 2024 U.S. Dist. LEXIS 86740 (D.S.C. May 14, 2024) .................. 9

*In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.,*
    293 F.R.D. 21 (D. Me. 2013) ............................................................................... 9

*In re Jiffy Lube Securities Litigation,*
    927 F.2d 155, 159 (4th Cir. 1991) .................................................................... 7, 8

*In re NeuStar, Inc. Sec. Litig.,*
    No. 1:14-CV- 885(JCC/TRJ), 2015 U.S. Dist. LEXIS 129463 (E.D. Va. Sep. 23, 2015) ....... 8

*In re The Mills Corp. Sec. Litig.,*
    265 F.R.D. 246, 254 (E.D. Va. 2009) .................................................................. 7

*In re: Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Practices & Prod. Liab. Litig.*,
  952 F.3d 471, 485 (4th Cir. 2020) .................................................................................. 8
*Mace v. Van Ru Credit Corp.*,
  109 F.3d 338, 344 (7th Cir. 1997) ................................................................................ 17
*Mullane v. Cent. Hanover Bank & Trust Co.*,
  339 U.S. 306, 314 (1950) .............................................................................................. 19
*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797, 808 (1985) .............................................................................................. 19
*Solomon v. Am. Web Loan*,
  No. 4:17cv145, 2020 U.S. Dist. LEXIS 112782 (E.D. Va. June 26, 2020) ............ 14, 15
*Soutter v. Equifax Info. Servs., LLC*,
  307 F.R.D 183, 214 (E.D. Va. 2015) ............................................................................ 16
*Sprague v. Gen. Motors Corp.*,
  133 F.3d 388, 399 (6th Cir. 1998) ................................................................................ 14
*Stillmock v. Weis Markets, Inc.*,
  385 F. App'x 267, 273 (4th Cir. 2010) .......................................................................... 16
*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338, 350 (2011) .............................................................................................. 13
*Ward v. Dixie Nat. Life Ins. Co.*,
  595 F.3d 164, 180 (4th Cir. 2010) ................................................................................ 15

**Statutes**
New York General Business Law § 349 ............................................................................ 16

**Rules**
Fed. R. Civ. P. 23 ............................................................................................... *passim*

**Other Authorities**
7AA Charles Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 1779
(3d ed. 2005) .....................................................................................................................16

## I.    INTRODUCTION

Leigh Myers ("Plaintiff," "Named Plaintiff," or "Representative Plaintiff"), on behalf of herself and the proposed Settlement Class ("the Settlement Class" or" the Class") respectfully submits this Memorandum in Support of her Motion for Preliminary Approval of the Class Action Settlement Agreement and for Issuance of Notice to Settlement Class with Bassett Furniture Industries, Inc. ("Bassett" or "Defendant") as fair, adequate, and reasonable. This is a data breach class action alleging that Bassett failed to protect its consumers' sensitive personally identifiable information (hereinafter "PII"), during which there was unauthorized access to Bassett's former e-commerce website hosted and maintained by a third-party company ("Data Breach" or "Data Security Incident"). The Data Security Incident occurred from July 29, 2021 to April 27, 2023 and Plaintiff contends that Bassett allowed access to proposed Class Members' PII, including their payment information such as credit card number. Additionally, Plaintiff received Bassett's notification letter informing her of the Data Breach in or around September 2023: five (5) months after Defendant learned of the suspicious activity. Plaintiff's Complaint ("Compl.") ¶¶22-23.

Plaintiff sued Bassett to recover damages resulting from the Data Security Incident. Defendant denies the allegations and contentions against it in this litigation and denies all wrongdoing or liability. Nevertheless, Defendant agrees that continuing to litigate would be time consuming, burdensome, and expensive, and that it is therefore desirable to fully and finally settle this litigation in the manner and upon the terms set forth in the Settlement Agreement.

The proposed Settlement achieves that goal by securing several benefits for the prospective Settlement Class. At its core, under the settlement, Bassett will deposit $387,500 into a non-reversionary Settlement Fund that will be used to compensate the proposed Class Members for their losses, which is an excellent result for the injured parties.

For the reasons stated herein, the Court should grant preliminarily approval of the Settlement, appoint Plaintiff as Class Representative, appoint Plaintiff's counsel as Class Counsel, set a date for the final approval fairness hearing, and approve the Parties' Notice program.

## II.    FACTUAL BACKGROUND

### A.  The Data Breach, Plaintiff's Claims, and Procedural History

Bassett is a Virigina-based corporation that manufactures and sells furniture, both in-store and on its e-commerce website. *See* Compl. ¶ ¶ 15-16. As part of its business, Defendant is entrusted with, and obligated to safeguard and protect, the PII of Plaintiff and the Class Members in accordance with all applicable laws. *Id.* ¶¶ 29-31.

The unauthorized party had access to customers' Private Information starting in July 2021 and continued to have access for at least twenty-one (21) months until Defendant was able to stop the authorized access in April of 2023. *Id.* ¶ 23. Bassett informed the impacted individuals of the Data Breach via notification letter in or around September 2023. As a result, Plaintiff's PII was allegedly stolen and she incurred unauthorized charges on her credit card. *Id.* ¶ 60. But Plaintiff contents all Class Members have and/or will continue to suffer harm due to the exposure of their PII. Thus, Plaintiff alleges that Bassett failed to implement reasonable measures to ensure the protection of its consumers' PII within its possession. *Id.* ¶ 27.

## III.    PROCEDURAL HISTORY

Plaintiff Leigh Myers filed her complaint against Bassett on October 17, 2023 that asserted various claims arising from the first incident. *See generally,* Compl.

On May 30, 2024, the Parties participated in a mediation session facilitated by Bruce Friedman, Esq., of JAMS, a mediator experienced in settling data breach class actions. *See* Agreement P. 2. The Parties negotiated at "arm's length" under Mr. Friedman's guidance,

ultimately achieving a result that compensates the Class and ensures their relief. *Id*. Specifically, the Parties concluded that further litigation would be protracted and expensive, especially in light of the uncertainty and risks inherent therein, and determined that it is desirable to effectuate a full and final settlement of the claims asserted in this matter. As a result, Plaintiff now brings forth the instant motion.

### IV.    SETTLEMENT OUTLINE[1]

#### A.  Class Definition

The proposed Settlement Class includes "all persons Bassett identified as being among those individuals impacted by the Data Breach, including all who were sent a notice of the Data Breach." Agreement § 1.30.

#### B.  Settlement Benefits

The proposed Settlement secures several benefits for the Class. First, Bassett will deposit $387,500 into a non-reversionary Settlement Fund. *Id*. § § 1.35, 2.2 In addition to administrative costs and attorneys' fees, the aforementioned amount will be used to provide the following Settlement Benefits: two (2) years of  one-bureau Credit Monitoring Services[2]  and either reimbursement for Out-of-Pocket expenses or Attested Time (time spent remedying the effects of the Data Breaches supported by documentation) up to $10,000 and $300, respectively; or an alternative cash payment of (presumptively) $250 for non-California Subclass Members and (presumptively) $400 for California Subclass Members, in recognition of their superior statutory claims. *See generally Id*. § 2.

#### C.  Service Award

---

[1] A full recitation of the terms of the proposed Settlement can be found in the Agreement, attached hereto as Exhibit 1.
[2] Class Members are eligible for the Credit Monitoring Benefit regardless of whether they submit a claim for Out-of Pocket Expenses, Attested Time, or Alternative Cash Payment. S.A. §  2.3.1

In addition to the above relief, Bassett has agreed to, and proposed Class Counsel may apply for, a Service Award of $4,000 for Plaintiff, as reimbursement for her contribution to this case. Agreement § 9.2.

### D.  Class Notice, Objections, and Opt-Outs

Within ten (10) calendar days of entry of the Preliminary Approval Order, Bassett will provide the Claims Administrator with a list of Settlement Class Members Bassett has been able to identify in such format as requested by the Claims Administrator which will include, to the extent available, the name and physical mailing address of each Settlement Class Member. SA § 4.1. Within forty (40) days of the Court's Preliminary Approval Order, the Claims Administrator shall send notice to the Settlement Class Members in a manner that satisfies constitutional requirements and due process. S.A. § 4.2. The notice plan shall be subject to approval by the Court as meeting constitutional due process requirements. *Id.* The Claims Administrator shall establish a dedicated Settlement Website and shall maintain and update the website throughout the claim period, with the Short Notice, Long Notice (hereinafter "Notices"), and Claim Form approved by this Court. *Id.* The approved Notices and Claim Form may be adjusted by the Claims Administrator (upon agreement by the Parties), so long as the adjustments are required and not inconsistent with such approval. *Id.*

Each person wishing to opt out of the Settlement Class shall sign and timely submit written notice of their intent to the designated Post Office Box established by the Claims Administrator. *Id.* § 5.1. To be effective, written notice must be postmarked no later than sixty (60) days after the Notice Date. *Id.* § 5.2.

Furthermore, Class members will have sixty (60) days from the Notice Deadline to object to the Settlement. S.A. § 6.4; *see also id.* § 1.18. The objection must include (a) the objector's full

name, address, telephone number, and e-mail address (if any); (b) information identifying the objector as a Class Member, including proof that the objector is a member of the Class (e.g., copy of notice, copy of original notice of the Data Breach); (c) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (d) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (e) the identity of any and all counsel representing the objector in connection with the objection; (f) a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and (g) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative, if any. *Id.* § 6.2.

### E.  Release

To receive the Settlement's benefits, Plaintiff and Class Members are required to discharge Bassett from all Released Claims related to the Data Breach. S.A. § 8.1 The release will occur on the Effective Date, which is thirty-five (35) days after the Court enters its "Final Order and Judgment" approving the settlement and the expiration of all appeals. *See id.* § 1.9.

### F.  Attorneys' Fees and Service Awards

The Parties did not negotiate Plaintiff's attorneys' fees or service award until after agreeing on the material terms of the Settlement, thus avoiding any conflict between Plaintiff and the Settlement Class.  Bassett has agreed not to object to a request by proposed Class Counsel for attorneys' fees in an amount not to exceed $129,154, and their reasonable related costs and expenses, subject to the Court's approval. *Id.* § 9.1.  Proposed Class Counsel shall allocate and distribute any attorneys' fees, costs, and expenses awarded by the Court among counsel for

Plaintiff.[3] *Id.* Subject to Court approval, Bassett will also agree to a $4,000 service award to Representative Plaintiff. S.A. § 9.2.

## V.    THE COURT SHOULD DIRECT NOTICE OF THE PROPOSED SETTLEMENT BE ISSUED TO THE CLASS

When confronted with a settlement and proposal to certify a class for settlement purposes, the court must ascertain whether to issue notice to the settlement class. *See generally* Fed. R. Civ. P. 23(e). The parties must provide sufficient information so the court can determine whether notice is appropriate. *Id.* § (e)1(A). Subsequently, the court "must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." *Id.* § (e)(B)(i)(ii).

## A.    The Proposed Settlement is Fair, Adequate, and Reasonable Under R.23(e)(2)

Rule 23(e)(2) provides that a proposed settlement may be approved only after a hearing and on a determination that it is fair, reasonable, and adequate. Approval of a proposed settlement is committed to the sound discretion of the court. *See Berry v. Schulman,* 807 F.3d 600, 608 (4th Cir. 2015). In determining whether a settlement is fair, reasonable, and adequate, the Court must consider whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

---

[3] Class Members may object to the attorneys' fees award and/or related expenses pursuant to the objections procedure noted in Section 6 of the Settlement.

> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>
> (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The court's Rule 23(e) obligations are addressed with a "two-level analysis." *In re The Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 254 (E.D. Va. 2009). To determine whether a settlement is fair, the Court considers the four factors set forth by the Fourth Circuit in *Jiffy Lube*: "(1) the posture of the case at the time settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel." *In re Jiffy Lube Securities Litigation,* 927 F.2d 155, 159 (4th Cir. 1991). To determine whether a settlement is adequate, the courts also look to: "(1) the relative strength of the plaintiffs' case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement." *Id.*

Evaluation under these enumerated factors confirms that the instant proposed Settlement is fair, adequate, and reasonable. Accordingly, the Court should issue notice of the Settlement to the Class.

**1. Class Representative and Class Counsel have Adequately Represented the Class.**

As discussed more thoroughly below, Plaintiff has adequately represented the Class. So too has proposed Class Counsel. Prior to the initiation of the litigation, Plaintiff's attorneys conducted extensive investigations into the Data Breach to understand Bassett's business, its

relationship with proposed Class Members, the facts concerning the incidents, and Bassett's response thereto. *See* the Declaration of Jason Rathod ("Rathod Dec.") ¶8. Specifically, proposed Class Counsel analyzed Defendant's notice to determine the extent to which it complied with applicable notice requirements, conducted legal research, and prepared a complaint asserting several theories of liability, including the six (6) causes of action that ultimately were asserted in the Complaint. *See e.g.,* Compl.

Plaintiff's attorneys also have extensive experience litigating complex class actions, including those pertaining to data privacy breaches, where they often serve as lead or co-lead counsel. *See* Rathod Dec. ¶¶ 2-3. Counsel's substantial experience with data breach litigation also allowed them to negotiate for and reach a proposed settlement that they believe is in the best interest of the Plaintiff and the Class. *In re: Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Practices & Prod. Liab. Litig.,* 952 F.3d 471, 485 (4th Cir. 2020) (finding counsel's experience in complex civil litigation supported fairness of settlement); *see also Jiffy Lube, 927 F.2d at 159* (whether parties had sufficient information to determine whether settlement is appropriate). Thus, proposed Class Counsel's experience and knowledge of this specific facet of class action litigation combined with the diligent work performed thus far, establishes that they have adequately represented the Class.

### 2.  The Proposed Settlement was Negotiated at Arm's Length.

The proposed Settlement was negotiated by Counsel following months of contested litigation, the informal exchange of discovery, and a mediation session. *See* Rathod Dec. ¶¶ 8-14; s*ee also In re NeuStar, Inc. Sec. Litig.*, No. 1:14-CV- 885(JCC/TRJ), 2015 U.S. Dist. LEXIS 129463, at *26 (E.D. Va. Sep. 23, 2015) (adversarial encounters support a finding of arms' length negotiations). As such, this factor is also satisfied.

### 3.   The Relief Provided to the Class is Adequate.

Pursuant to the forthcoming discussion, the relief offered to Class Members in the proposed Settlement is more than adequate under the factors described in Rule 23(e)(2)(C).

### a.   The Costs, Risks, and Delay of Trial and Appeal.

While Plaintiff believes in the merits of her claims, she also recognizes the risks, costs, and time involved in prosecuting the present case through the exhaustion of all appeals. Rathod Dec. ¶ 50. Data breach cases involving payment card information are among the most risky because some courts have found that "allegedly stolen Card Information does not include any personally identifying information, such as social security numbers, birth dates, or driver's license numbers" and therefore "there is little to no risk that anyone will use the Card Information stolen in these data breaches to open unauthorized accounts in the plaintiffs' names." *Alleruzzo v. SuperValu, Inc. (In re SuperValu, Inc., Customer Data Sec. Breach Litig.)*, 870 F.3d 763, 770 (8th Cir. 2017). Should the case continue, the Parties would engage in costly discovery (including retaining expert witnesses), in addition to class certification briefing and dispositive motion practice. *Id.* ¶ 51. Each step is rife with risk. *See,* e.g., *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.,* 293 F.R.D. 21 (D. Me. 2013) (discussing the potential for the Court to deny class certification in data breach cases); *see also In re Blackbaud, Inc., Customer Data Breach Litig.,* No. 3:20-mn-02972-JFA, 2024 U.S. Dist. LEXIS 86740, at *93-94 (D.S.C. May 14, 2024) (denying plaintiffs' motion to certify the class after years of litigation) Considering the inherent uncertainty of litigation, if this case were to proceed, there is also a non-insubstantial probability that Class Members would receive significantly truncated benefits, or no benefits at all. Rathod Dec. ¶ 52.

In contrast, the proposed Settlement provides certain and substantial relief to the proposed Class without delay and is within the range of reasonableness, particularly considering the risks of continued litigation. Specifically, the Settlement ensures that any Class Member claiming to have suffered losses because of or reasonably tied to the Data Breach will receive guaranteed compensation, including two (2) years of one-bureau credit monitoring services and one of the following: reimbursement for Out-of-Pocket Expenses, Attested Time spent repairing the aforesaid damages, or a one-time cash payment. *See generally* SA § 2. In addition, any amount remaining in the Net Settlement Fund after all distributions to Class Members will go to Virgina Legal Aid Society, Inc., the Non-Profit Residual Recipient. *Id.* §§ 1.16, 2.10. Therefore, the Settlement Benefits and substantial costs and risks inherent in a lengthy trial (and likely subsequent appeal) support a finding that the proposed Settlement is adequate.

      **b.  The Effectiveness of Any Proposed Method of Distributing Relief to the Class, Including the Method of Processing Class Member Claims.**

The Parties have agreed upon Angeion Group ("Angeion"), a Claims Administrator that is competent and familiar with handling data breach settlements. *See* Angeion Firm Resume, Exhibit D. The Short Form Notice of the Settlement will be sent via U.S Mail to each of the Class Members, while the Long Form Notice will be posted on the Settlement Website. *SA.* § 4.2(b). In the event of a less than 5% claims rate, Angeion will send a reminder notice to Settlement Class Members via email and/or U.S. Mail. *Id.* § 1.27. Ultimately, the Claims Administrator will review and determine the validity of submitted claims and will afford Claimants the opportunity to cure deficiencies pursuant to the terms of the Settlement. *See S.A.* §§ 2.4, 2.8. Class members with valid claims for reimbursement will receive electronic payments or checks in the mail within sixty (60) days of the Effective Date. *Id.* § 7.5. The previously mentioned process guarantees that all Class

Members have an opportunity to seek relief, have their claims fairly assessed by an experienced administrator, and ensures that they will receive the Settlement Benefits in a timely manner. As such, this factor also supports a finding that the proposed Settlement is adequate.

### c.    The Terms of Any Proposed Award of Attorneys' Fees.

"Plaintiff's attorneys in a successful class action lawsuit may petition the Court for compensation relating to any benefits to the Class that result from the attorneys' efforts." *Brown v. Transurban USA, Inc.,* 318 F.R.D. 560, 575 (E.D. Va. 2016) (citing *Boeing Co. v. Van Gemert,* 444 U.S. 472 (1980)).  Additionally, Rule 23 explicitly allows the Court to "award reasonable attorney's fees and nontaxable costs that are authorized by law or by the Parties' agreement." *See* Fed. R. Civ. P. 23(h).

Pursuant to the proposed Settlement, Class Counsel will seek no more than 33 1/3% of the Settlement Fund (or no more than $129,167). Agreement § 9.1. Bassett has agreed not to object to the aforesaid request. *Id.* In addition, the Agreement specifies that Plaintiff may seek her reasonable costs and expenses (to be paid from the Settlement Fund) from the Court. *Id.* This fee award was negotiated only after the substantive material terms of the Settlement were agreed upon by the Parties, and therefore, has no effect on the benefits to the Class. Rathod Dec. ¶ 48.

As a result, the above analysis further establishes that the Settlement is fair and adequate.

### d.    Any Agreement Required to be Identified Under Rule 23(3)(3).

As no such agreement exists, this factor is inapplicable to the instant case.

### 4.  The Proposed Settlement Treats Class Members Equitably.

Fed. R. Civ. P. 23(e)(2)(D) requires that the proposed settlement treat class members equitably. Here, all Class Members will have the opportunity to enroll in credit monitoring services, file claims for reimbursement of their Out-of-Pocket losses and Attested time, as well as

opt for Alternative Cash Payments. *See generally* S.A. § 2. As the Settlement's benefits will be apportioned in accordance with each Class member's alleged injury, the above analysis supports a finding that the Court approve the proposed Settlement.

### B.    The Proposed Settlement Class Meets the Requirements for Certification.

Class certification is proper if the proposed class, the proposed class representatives, and the proposed class counsel satisfy the numerosity, commonality, typicality, and adequacy of representation requirements of Fed. R. Civ. P. 23 (a) (1-4). In addition to meeting the requirements of Rule 23(a), plaintiffs seeking class certification must also meet at least one of the three provisions of Fed. R. Civ. P. 23(b). *See id.* When plaintiffs seek class certification under Rule 23(b)(3), the representatives must demonstrate that common questions of law or fact predominate over individual issues and that a class action is superior to other methods of adjudicating the claims. *Id.*; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615-16 (1997). Additionally, prior to issuing notice of the proposed Settlement, the Court must find that it will "likely be able to . . . certify the class for purposes of judgment." *See* Fed. R. Civ. P. 23(e)(1)(B); *Amchem,* 521 U.S. at 620. Because Plaintiff and the Class Members satisfy all the Rule 23(a) and 23(b)(3) prerequisites, certification of the proposed Settlement Class is proper.

### 1.   The Settlement Class Meets the Requirements of Rule 23(a) .

#### a.   Numerosity is Satisfied.

If "the class is so numerous that joinder of all members is impracticable," numerosity is satisfied. *See* Fed. R. Civ. P. 23(a)(1). No specified number is needed to maintain a class action under Rule 23; Application of the rule is to be considered in light of the particular circumstances of the case and generally, unless abuse is shown, the trial court's decision on this issue is final." *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n,* 375 F.2d 648, 653 (4th Cir. 1967).

Here, the proposed Class includes over 7,500 individuals whose PII was comprised because of Bassett's Data Breach. *See* SA § 1.32. Consequently, the numerosity requirement is satisfied. *See Brady v. Thurston Motor Lines,* 726 F.2d 136, 145 (4th Cir. 1984) (finding that a class size of seventy-four satisfied the numerosity requirement).

### b. Commonality is Satisfied.

The second requirement for certification is that "there are questions of law or fact common to the class." *Se*e Fed. R. Civ. P. 23(a)(2). Commonality is demonstrated when the claims of all class members "depend upon a common contention . . . that is capable of class-wide resolution." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011). Thus, the resolution of the common question "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Moreover, "a single common question will do." *Id.* at 359.

Presently, all proposed Class Members' claims involve common questions of law and fact regarding Bassett's data security. *See,* e.g., Compl. In addition, all their claims arise out of Bassett's alleged insufficient data security procedures. Because Bassett's data security was consistent amongst all Class Members, evidence of its purported deficient practices would have been common within the proposed Class, which alone sufficiently establishes commonality.

### c. Typicality is Satisfied.

Class representative's claim must be typical of those of the Class Members. Fed. R. Civ. P. 23(a)(3). When determining typicality under Rule 23(a)(3), Courts conduct an inquiry into the representative's "… ability to represent a class...." *Deiter v. Microsoft Corp.,* 436 F.3d 461, 466 (4th Cir. 2006). "The premise of the typicality requirement is… as goes the claim of the named plaintiff, so go the claims of the class." *Broussard v. Meineke Disc. Muffler Shops, Inc.,* 155 F.3d 331, 340 (4th Cir. 1998) (quoting *Sprague v. Gen. Motors Corp.,* 133 F.3d 388, 399 (6th Cir.

13

1998)). But "completely identical" situations amongst class members are not required to satisfy the typicality requirement. *Solomon v. Am. Web Loan,* No. 4:17cv145, 2020 U.S. Dist. LEXIS 112782, at *8 (E.D. Va. June 26, 2020) (citing *Chisolm v. TranSouth Fin. Corp.,* 184 F.R.D. 556, 563-64 (E.D. Va. 1999). Simply put, the "plaintiff's claim cannot be so different from the claims of absent class members that their claims will not be advanced by plaintiff's proof of his own individual claim." *Deiter,* 436 F.3d at 466-67.

Typicality is satisfied here. Particularly, Named Plaintiff's claims and the Class Members' claims arise from the same data security lapses. *See generally* Compl. Plaintiff is typical of the proposed Class because she possesses the same interests and suffered harm from the same purported neglect as the absent Class Members. *Id.* Notably, Representative Plaintiff and the Class Members all have an interest in safeguarding their personal information that was stored in Bassett's computer network and was subsequently accessed by cybercriminals in the twenty-one (21) month hacking incident. *Id.* ¶ 27. Not only did they all suffer the same categories of alleged injuries, the litigation of Named Plaintiff's claims will also advance the interests of all Class Members. As such, this factor is also satisfied.

### d.  Adequacy is Satisfied.

Lastly, the representative plaintiff must adequately and fairly protect the interests of the Class. *See* Fed. R. Civ. P. 23(a)(4). "The adequacy inquiry ... serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem*, 521 U.S. at 625. "[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Tex. Motor Freight Sys., Inc. v. Rodriguez,* 431 U.S. 395, 403 (1977)). "For a conflict of interest to defeat the adequacy requirement, 'that conflict must be fundamental.'" *Ward v. Dixie Nat. Life Ins. Co.,* 595 F.3d 164, 180 (4th Cir. 2010) (quoting *Gunnells v. Healthplan*

*Serv., Inc.,* 348 F.3d 417, 430 (4th Cir. 2003)). "A conflict is not fundamental when ... all class members 'share common objectives and the same factual and legal positions [and] have the same interest in establishing the liability of [defendants].'" *Id.* (alterations in original) (citation omitted). Where the proposed class representatives "possess the same interest and suffer the same injury" as the proposed class members and "possess undivided loyalties" to them, they are adequate representatives. *Broussard,* 155 F.3d at 338 (quoting *East Tex. Motor Freight Sys.,* 431 U.S. at 403).

Here, the Plaintiff is an adequate class representative. Particularly, she has no conflict with other Class Members, has competently represented the Class thus far, and her interests and those of the proposed Class Members are aligned, as mentioned immediately above. See *Solomon*, 2020 U.S. Dist. LEXIS 112782, at *9 (holding that the adequacy requirement was since plaintiffs and the proposed class members were allegedly harmed by the same event). Therefore, this requirement is also satisfied.

### 2. The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3).

After satisfying the threshold requirements of Rule 23(a), Representative Plaintiff must show that "questions of law and fact common to the members of the class predominate over any questions affecting only individual members," and that a class action is superior to other available methods of adjudicating the claims. *See* Fed. R. Civ. P. 23(b)(3).

#### a. Predominance is Satisfied

The aforesaid rule's predominance requirement addresses whether a proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem,* 521 U.S. at 623. "If the 'qualitatively overarching issue' in the litigation is common, a class may be certified notwithstanding the need to resolve individualized issues." *Soutter v. Equifax Info. Servs., LLC,*

307 F.R.D 183, 214 (E.D. Va. 2015) (citing *Ealy v. Pinkerton Gov't Servs.,* 514 F. App'x 299, 305 (4th Cir. 2013)). Common liability concerns exist when class members "all assert injury from the same action." *Gray v. Hearst Commc'ns, Inc.,* 444 F. App'x 698, 701-02 (4th Cir. 2011); *see also Stillmock v. Weis Markets, Inc.,* 385 F. App'x 267, 273 (4th Cir. 2010).

Presently, common issues predominate because the central liability question-whether Bassett's Data Breach compromised Plaintiff's and the Class Members' personally identifiable information-can be established through generalized evidence. Moreover, the proposed Settlement seeks to resolve the forthcoming categories of factually related causes of action, to-wit: negligence, breach of implied contract; unjust enrichment/quasi-contract, breach of confidence; and violation of the New York General Business Law § 349, *et seq*. Compl. ¶ 7. Each of these claims derive from the same factual basis: Bassett maintained the personally identifiable information of the proposed Class Members on its computer systems; 2) Bassett had a duty to safeguard their PII; 3) Bassett was derelict in that duty when it allowed unauthorized access to Plaintiff's and Class Members' PII during the Data Breach; and 4) Plaintiff and all Class Members were similarly harmed as a result of the aforementioned dereliction. Hence, the common factual and legal issues predominate over any potential individual concerns of Class Members.

### b. Superiority is Satisfied.

"[T]he purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of resolving the controversy…." 7AA Charles Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 1779 (3d ed. 2005). The Court must therefore consider whether a class action is "superior" to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B)

the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3). "With settlement classes, however, courts need not consider the last factor, 'whether the case, if tried, would present intractable management problems, for the proposal is that there will be no trial.' *Brown v. Transurban USA, Inc.,* 318 F.R.D. 560, 569 (E.D. Va. 2016) (quoting *Amchem,* 521 U.S. at 593).

Additionally, when the recovery for individual claimants is likely to be small, class litigation is superior since there is little incentive for individual litigation. *See Brown,* 318 F.R.D at 560; *see also Amchem,* 521 U.S. at 617 ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.") (quoting *Mace v. Van Ru Credit Corp.,* 109 F.3d 338, 344 (7th Cir. 1997)). Class action adjudication is proper in the present matter. Although individual damages in this case are potentially modest, the Settlement provides an opportunity for Class Members to seek a monetary recovery of up to $10,000; two (2) years of one-bureau credit monitoring services; and (3) an alternative cash payment up to $250 (non-California Sub-Class Members) and $400 (California Sub-Class Members), respectively. *See e,g.,* S.A. § 2. The Settlement also provides an "opt-out" option, affording those impacted by the Data Breach the opportunity to pursue individual litigation. *Id.* § 5.

Considering the likelihood of expensive, protracted, and uncertain individual litigation, consolidation of the claims before this Court is desirable, Moreover, the proposed Class provides its members with the greatest opportunity to obtain a favorable settlement. Therefore, judicial

economy requires that the Court resolve this case as a class adjudication. *See Brown,* 318 F.R.D. at 569.

Since Plaintiff requests the Court certify her claims solely in furtherance of the Settlement, there are no manageability issues. *See Amchem,* 521 U.S. at 620. Additionally, the resolution of innumerable claims in one action is preferable to individual lawsuits, as it promotes consistency and efficiency. *Id.* at 617 (noting the "policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights."). Consequently, certification for purposes of the proposed Settlement is proper.[4]

## VI.    THE COURT SHOULD APPOINT PLAINTIFF'S COUNSEL AS CLASS COUNSEL

When certifying a class, Rule 23 requires a court to appoint class counsel that will fairly and adequately represent the class members. Fed. R. Civ. P. 23(g)(1)(B). In making this determination, the Court considers, *inter alia*, counsel's: (a) work in identifying or investigating potential claims; (b) experience in handling class actions or other complex litigation and the types of claims asserted in the case; (c) knowledge of the applicable law; and (d) resources committed to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv).

Pursuant to the above discussion, proposed Class Counsel have extensive experience in data breach class action cases. *See* Rathod Dec. ¶¶ 2-3.  In addition, proposed Class Counsel have spent months litigating this matter, including extensive research, the exchange of informal discovery, and participation in a mediation session. *Id.* ¶¶ 8-14. As a result of their efforts, the proposed Settlement provides considerable monetary and equitable relief to each of the proposed

---

[4] There are no other related cases pending in any forum.

Class Members. *See generally* Agreement § 2. Thereupon, the Court should appoint Migliaccio & Rathod LLP and Maginnis Howard Class Counsel.

## VII.    THE PROPOSED NOTICE PLAN MEETS THE REQUIREMENTS OF RULE 23 AND DUE PROCESS

To satisfy the requirements of both Rule 23 and due process, Rule 23(c)(2)(B) provides that, "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 173 (1974). Rule 23(e)(1) similarly requires that notice be reasonably disseminated to those who would be bound by the court's judgment. Fed. R. Civ. P. 23(e)(1). The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

Here, the proposed Short Notice and Long Notice (*See* Agreement § 1.7 ("Notices"), satisfy all of the criteria of Rule 23. Specifically, the Notices are legible and provide the proposed Class Members with the requisite information to allow evaluations regarding whether to participate in the proposed Settlement. The Notices also advise the proposed Class on how to object to the Settlement and the request for attorneys' fees and costs. *See Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 808 (1985) (explaining that a settlement notice must provide settlement class members an opportunity to present their objections); *see also* Exhibit B-C ("Notice Exhibits"). Consequently, the Notices satisfy the requirements of Rule 23.

Additionally, the Claims Administrator will create a website with pertinent Settlement information for proposed Class Members. *Id.* § 4.2(b). In sum, the Court should find that the

19

proposed methods for providing Notice to the proposed Class comports with both Rule 23 and the applicable due process considerations.

## VIII.    CONCLUSION

For the foregoing reasons, Representative Plaintiff respectfully asks that the Court (1) enter an order directing issuance of Class Notice pursuant to Rule 23(e)(1); (2) appoint Leigh Myers as Representative Plaintiff; (3) appoint Plaintiff's Counsel as Class Counsel; grant preliminary approval of the proposed Settlement Agreement; (4) approve the form and manner of notice described above and in the Settlement Agreement; and (5) set a date for a final approval fairness hearing.


Dated: August 19, 2024                    Respectfully Submitted,

*/s/ Jason S. Rathod*
Jason Rathod*
Nicholas A. Migliaccio, Esq.*
Migliaccio & Rathod LLP
412 H Street N.E., Suite 302
Washington, D.C. 20002
Tel: (202) 470-3520
Fax: (202) 800-2730
*Admitted *pro hac vice*

Ian E. Vance (VSB No. 88062)
Maginnis Howard
7706 Six Forks Rd., Ste. 101
Raleigh, North Carolina 27615
ivance@maginnishoward.com
Tel: (919) 526-0450
Fax: (919) 882-8763


*Counsel for Plaintiff and the Proposed Class*